Daniel L. Balsam (State Bar No. 260423)
GARBARINI LAW GROUP P.C.
3145 Geary Blvd. #225
San Francisco, CA 94118
Phone: (415) 869-2873
Fax: (415) 869-2873

Richard M. Garbarini (Admitted *Pro Hac Vice*)
GARBARINI LAW GROUP P.C.
501 Fifth Ave, Suite 1708
New York, New York 10017
Phone: (212) 300-5853
Fax: (888) 265-7054

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT BADELLA, individually and on behalf of all persons similarly situated, et al., | Case No.: 3:10-cv-03908-CRB |
| v. | **PLAINTIFFS' SECOND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |
| DENIRO MARKETING, LLC, a California limited liability company, et al., | |
| Defendants. | |
| | Local Rule 7-11 |

## I. SUMMARY OF THE ARGUMENT

Plaintiffs filed the original Complaint in this matter on August 31, 2010. (Docket No. 1). Plaintiffs filed a motion to amend the Complaint on September 12, 2011 (Docket No. 64). Plaintiffs withdrew this motion on September 23, 2011 (Docket No. 71). Plaintiffs are seeking, again, to file their first amendment to the Complaint. The attached amendment withdraws the claims and cause of action contained in the original Complaint which have been settled or dismissed. The amendment also adds two additional causes of action; one for false advertising under the Lanham Act, Section 43(a), the second for violating California's restrictions on dating service contracts codified in CAL. CIVIL CODE § 1694. See Proposed First Amended Complaint, Garbarini. Decl. Ex. A. This is a reasonable request, particularly in light of the fact that Defendants will not be prejudiced with respect to discovery or other matters. In fact, the Appearing Defendants have yet to provide a single document, even though documents are now more than **90 days late**.

## II. PLAINTIFFS SHOULD BE ALLOWED TO FILE THE PROPOSED FIRST AMENDED COMPLAINT

The Ninth Circuit interprets Fed.R.Civ.P. 15(a) broadly, requiring that leave to amend be granted with "extraordinary liberality". *Phoenix Solutions, Inc. v. Sony Elecs., Inc.*, 637 F. Supp. 2d 683 (N.D. Cal. 2009). The Ninth Circuit

considers five factors in assessing the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment and (5) whether plaintiff has previously amended his complaint. *King v. Hedgpeth*, 2010 U.S. Dist. LEXIS 34305 (E.D. Cal.).

**A – NO BAD FAITH** - There is nothing "manipulative" here, rather Plaintiffs "straightforward tactical decision", is not considered as bad faith. See *Gardner v. Blue Bird Corp.*, 2006 U.S. Dist. LEXIS 54375 (N.D. Cal.) (quoting *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir. 1995)).

**B - NO UNDUE DELAY.** Even if the Court finds undue delay, the Ninth Circuit has determined that "undue delay by itself is insufficient to justify denying a motion to amend under Rule 15". *McAfee v. California*, 2008 U.S. Dist. LEXIS 120600 (E.D. Cal. Apr. 28, 2008) (quoting *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)).

Any delay in this case is solely due to the Defendants. Garbarini Decl. at ¶¶ 5-10. The Appearing Defendants' Counsel, Gary Kaufman, has engaged in a pattern and practice to thwart the prosecution of this case at every turn. The Appearing Defendants answered the Complaint on March 17 and March 21, 2011 (Docket Nos. 42-45), however, the Appearing Defendants' Counsel, refused to have a Rule 26(f) conference, or allow discovery to proceed, until the foreign RICO Conspirator Piranha New Media was served. See Garbarini Decl. Ex. B.

It was not until May 17, 2011 that Defendants' Counsel Gary Kaufman would agree to sit for a Rule 26(f) conference. Garbarini Decl. at ¶ 7. On that same day, Plaintiff served, via Federal Express, Document Requests and Interrogatories on the Answering RICO Conspirators. Garbarini Decl. at ¶ 8. Responses and Objections as well as responsive documents were due on June 18, 2011. To date, no Appearing Defendant has provided a single document pursuant to the Requests. Garbarini Decl. at ¶ 10.

**C – NO PREJUDICE WILL OCCUR** - "It is the consideration of prejudice to the opposing party that carries the greatest weight" in an analysis of whether to grant a motion to amend. *Gulcynski v. Fid. Nat'l Title Group*, 2007 U.S. Dist. LEXIS 30829 (S.D. Cal. Apr. 23, 2007) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Prejudice has been found where "the parties have engaged in voluminous and protracted discovery" and where "expense, delay, and wear and tear on individuals and companies is show." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. Cal. 1991). Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Gulcynski* at 12.

There has been NO MEANINGFUL DISCOVERY, as of the date of this motion, Defendants' have failed to meaningfully engage in discovery and cannot

4

Case No. 3:10-cv-0398-CRB - PLAINTIFFS' SECOND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

possibly be prejudiced under these circumstances. More, this does not impact the current motion to certify the class pursuant to Rule 23 in any manner.

**D – AMENDMENT IS NOT FUTILE.** An amendment is deemed futile where the plaintiff would be unable to prove facts under the amended complaint. *Qualcomm Inc. v. Motorola Inc.*, 989 F. Supp. 1048 (S.D. Cal. 1997). The Court, however, is not to inquire whether Plaintiffs have stated facts entitling them to relief, but rather whether plaintiffs *could* state such facts. *Qualcomm* at 1051. Additionally, an amended complaint is futile "only if it would clearly be subject to dismissal." *Hinshaw v. Vessel, M/V Aurora*, 2006 U.S. Dist. LEXIS 32182 (N.D. Cal. May 12, 2006) (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)).

Defendants are alleged to operate a worthless dating service that they advertise extensively as genuine. This is a fairly clear violation of Section 43(a), and an amendment for false advertising is not futile. The Complaint more than adequately lays out a road-map for a false advertising violation. Further, the Defendants have colluded to offer dating services, albeit fraudulent and defective services. Under Cal. Civil Code § 1694.4(a) and (b), they had an obligation to allow users 3 days to request a refund for the bogus services; they did not.

**E – PLAINTIFFS HAVE NOT PREVIOUSLY AMENDED.** The Court's discretion in determining whether the grant a motion to amend a complaint

is also influence by whether Plaintiffs have previously amended the complaint. *Taback v. Allstate Ins. Co.*, 2006 U.S. Dist. LEXIS 68981 (N.D. Cal. Sept. 14, 2006).  Even in a situation where plaintiff has previously amended, the Court may still "feel it appropriate to allow plaintiff" additionally amendment. *Brown v. Rumsfeld*, 211 F.R.D. 601 (N.D. Cal. 2002).   Plaintiff has not previously sought to amend.

Plaintiffs previously sought to amend their complaint on September 12, 2011, however, this motion was withdrawn on September 23, 2011.  This would be Plaintiffs first amendment to the Complaint,

Dated: September 30, 2011           /s/ Richard Garbarini
                                    Richard M. Garbarini (*Pro Hac Vice*)
                                    GARBARINI LAW GROUP P.C.
                                    501 Fifth Ave  Suite 1708
                                    New York, New York
                                    Phone: (212) 300-5853
                                    Fax : (888) 265-7054

                                    Daniel L. Balsam (State Bar No. 260423)
                                    GARBARINI LAW GROUP P.C.
                                    3145 Geary Blvd. #225
                                    San Francisco, CA 94118
                                    Phone: (415) 869-2873
                                    Fax: (415) 869-2873

                                    *Attorneys for Plaintiffs*